Charles HARTLAND, Appellant

v.

## PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellee.

No. 14–07–00955–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 23, 2009.

Susanna Marie Zwernemann, Houston, TX, for appellants.

Mark Lapidus, Megan Lynette Knudsen, Houston, TX, for appellees.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and SEYMORE.

## MAJORITY OPINION

JOHN S. ANDERSON, Justice.

Appellant, Charles Hartland, filed suit against appellee, Progressive County Mutual Insurance Company, after the denial of an auto-insurance claim for a single-car accident. The jury found appellant did not mail the premium to renew the policy until after the policy had expired; therefore, appellant did not have insurance when the accident occurred. On appeal, appellant contends the parties formed a contract under the terms of the original renewal policy when appellee accepted his premium payment, and therefore, the policy covered the accident. In addition, appellant argues appellee violated the Texas Administrative Code when it denied his claim. We affirm.

### I. Factual and Procedural Background

Appellant, Charles Hartland, obtained auto insurance through appellee, Progressive County Mutual Insurance Company. Policy number 37156966–1 began on November 9, 2003, at 12:01 a.m. and ended on May 9, 2004, at 12:01 a.m. Appellee sent appellant a renewal bill on April 14, and a renewal reminder on April 23, stating the renewal policy period would run from May 9 to November 9. Appellant claimed he mailed a check in the amount of the renewal premium on May 8; appellee attached a lockbox report to its counterclaim for declaratory judgment showing the postmark date was May 11. Joan Hartland, appellant's wife, was in a single-car accident on May 9, 2004 at approximately 8:00 a.m., damaging a car covered under the initial policy.

Appellee presented evidence that it received appellant's check on May 16, and on May 18, appellee sent appellant a revised renewal declarations page. Policy number 37156966–2 listed coverage dates from May 12, 2004, at 12:01 a.m. to November

12, 2004, at 12:00 a.m., excluding coverage for the date of the accident. Appellant requested review by appellee of the denial of the claim. On August 6, appellee again denied the claim, stating the policy was not in effect at the time of the loss. On December 29, appellant's attorney sent a letter asking appellee to reconsider; appellee denied the claim once again.

Appellant filed an original petition, alleging breach of contract, unfair claim-settlement practice, breach of duty of good faith and fair dealing, damages, and attorney fees. Appellee filed a counterclaim for declaratory judgment, stating it owed no duty or obligation to Hartland because the policy had expired. Appellee also filed a motion for summary judgment with the same contention as the declaratory judgment. The trial court denied the motion for summary judgment and the case went to trial. The jury answered "No" to the following question: "Do you find that Charles Hartland deposited his renewal policy premium payment with the post office on or before 12:01 a.m. on May 9, 2004?" Appellant then filed a motion for judgment notwithstanding the verdict and to disregard jury findings, arguing that even if he mailed his payment after the policy period ended, appellee formed a contract based on the original terms of the renewal by accepting his payment. The trial court denied appellant's motion and entered final judgment on the verdict.

## II. Discussion

In three issues on appeal appellant contends the trial court erred when it denied appellant's motion for judgment notwithstanding the verdict because: (1) the parties formed an enforceable contract as a matter of law; and (2) appellee violated sections of the Texas Administrative Code, making any attempts to restrict appellant's coverage void.[1] Therefore, we will construe appellant's three issues as actually raising two issues on appeal.

### A. The Standard of Review

A court may disregard a jury's verdict and render judgment notwithstanding the verdict (JNOV) if no evidence supports the jury's findings, or if a directed verdict would have been proper. *Tiller v. McLure,* 121 S.W.3d 709, 713 (Tex.2003). To determine whether a JNOV is appropriate, we apply the standards that govern "no evidence," i.e., legal-sufficiency review. *See Keller v. Wilson,* 168 S.W.3d 802, 823 (Tex.2005); *Wal–Mart Stores, Inc. v. Miller,* 102 S.W.3d 706, 709 (Tex.2003).

A legal-sufficiency point must be sustained: (1) when there is a complete absence of a vital fact; (2) when rules of law or evidence preclude according weight to the only evidence offered to prove a vital fact; (3) when the evidence offered to prove a vital fact is no more than a scintilla; or (4) when the evidence conclusively establishes the opposite of the vital fact. *Keller,* 168 S.W.3d at 810. Under the legal-sufficiency standard, we must credit evidence that supports the judgment if reasonable jurors could, and we must disregard contrary evidence unless reasonable jurors could not. *See id.* at 827. If the evidence falls within the zone of reasonable disagreement, we may not invade the fact-finding role of the jurors, who alone determine the credibility of the wit-

---

1. Appellant raised only the Administrative Code and has not based any assertion of error by the trial court on the provisions of the Texas Insurance Code. Therefore, we do not address what, if any, impact the Insurance Code might have on the facts found in this case. *See Valadez v. Avitia,* 238 S.W.3d 843, 845 (Tex.App.-El Paso 2007, no pet.) (holding that, in a civil case, an appellate court has no duty, or even the right to perform an independent review of the record and applicable law to determine whether there was error).

nesses, the weight to give their testimony, and whether to accept or reject all or any part of that testimony. *See id.* at 822. Unless "there is no favorable evidence" to support the challenged finding or "if contrary evidence renders supporting evidence incompetent ... or conclusively establishes the opposite" of the finding, we must affirm. *See id.* at 810–11.

## B. Alleged Contract Formation

■ In his first issue, appellant argues that the jury's answer to question one of the charge is immaterial because an enforceable contract exists as a matter of law. Specifically, appellant contends the parties formed a contract under the original terms of the renewal policy when appellee retained payment on the forfeited policy. Appellant raised this issue for the first time in his motion for judgment notwithstanding the verdict.

Appellee characterizes this argument as an affirmative defense of waiver and asserts that appellant cannot raise this argument on appeal because it must have been pleaded or tried by consent. Assuming without deciding that appellant has properly preserved his complaint on appeal, appellant's first issue is without merit.

■ It is the general rule that a renewal of an insurance policy constitutes a separate and distinct contract for the period of time covered by the renewal. *Zuniga v. Allstate Ins. Co.,* 693 S.W.2d 735, 738 (Tex.App.-San Antonio 1985, no writ). Any offer by the insurer to renew an insurance contract must be accepted by the insured completely and unequivocally to constitute a new contract. *Viking County Mutual Ins. Co. v. Jones,* No. 05–91–01815–CV, 1992 WL 211068, at *3 (Tex. App.-Dallas August 31, 1992, no writ) (not designated for publication). The payment of the premium in accordance with provisions of the insurance policy is a condition

precedent to establishment of liability against the insurer. *Id.* The policy in this case states:

> If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

The renewal notice and bill sent by appellee provided the following payment instructions to appellant: "To renew your policy, please pay at least the minimum amount due by the due date." The jury found that appellant did not pay his premium on time. Because appellant failed to timely pay the renewal premium, the condition for acceptance of the renewal policy was not met and the policy did not begin, leaving appellant without insurance coverage when the accident occurred. *See Id.* at *4 (holding because insured did not timely pay renewal premium, policy was not canceled but expired under its own terms and once insured paid renewal premium insurer properly renewed policy effective on the date of the insured's payment); *Zuniga,* 693 S.W.2d at 738 (holding that since the renewal payment was not made in accordance with the terms of the policy, the renewal policy never came into existence); *Southern Farm Bureau Cas. Ins. Co. v. Davis,* 503 S.W.2d 373, 377 (Tex.App.-Amarillo 1973, writ ref'd n.r.e.) (stating offer for renewal of auto insurance could not come to fruition until premium paid); *Trinity Universal Ins. Co. v. Rogers,* 215 S.W.2d 349, 352 (Tex.App.-Dallas 1948, no writ) (stating no completed contract when insured did not indicate acceptance of renewal policy).

Relying heavily on the Texas Supreme Court case *Bailey v. Sovereign Camp, W.O.W.,* appellant contends the parties

formed an enforceable contract when appellee accepted appellant's late premium payment. Bailey was a member of Sovereign Camp, W.O.W., a fraternal benefit society. *Bailey v. Sovereign Camp, W.O.W.,* 116 Tex. 160, 165, 286 S.W. 456, 456 (1926). As part of his membership, Bailey was issued a benefit certificate for $2,000, payable to his wife upon his death. *Sovereign Camp, W.O.W. v. Bailey,* 277 S.W. 782, 783 (Tex.App.-Texarkana 1925), *rev'd,* 116 Tex. 160, 286 S.W. 456 (1926). After Bailey died, his wife made a claim for the benefit certificate. *Id.* at 783. The organization denied the claim, stating that Bailey was never legally reinstated after his suspension for failure to pay his May dues. *Id.*

Under the organization's bylaws, Bailey could have been reinstated within 10 days after default if he paid all arrearages and dues and presented a warranty of good health. *Bailey,* 116 Tex. at 165, 286 S.W. at 456–57. Although Bailey mailed the money order on the tenth day, it was not received until the twelfth day. *Bailey,* 116 Tex. at 165, 286 S.W. at 457. As a result, Bailey's payment was untimely because payment had to be received by the agent within the 10–day period. *Bailey,* 116 Tex. at 165–66, 286 S.W. at 457. Despite Bailey's late payment, the organization reinstated his membership and did not require the warranty of good health. *Bailey,* 116 Tex. at 167, 286 S.W. at 457. The court held the organization waived the requirement of good health when it accepted the late payment. *Bailey,* 116 Tex. at 168, 286 S.W. at 458. In doing so, the court set forth three conditions for waiver of a forfeiture:

First. The insurer must have knowledge of the facts constituting the forfeiture of the certificate. Second. The forfeiture must be complete and absolute. Third. There must be some unequivocal act on the part of the insurer which recognizes the continuance of the policy, or which is wholly inconsistent with the forfeiture.

*Bailey,* 116 Tex. at 166, 286 S.W. at 457.

The *Bailey* case is distinguishable from the facts before us. Here, appellant failed to pay a premium to continue his auto-insurance coverage. Appellant's initial policy had expired as indicated on the renewal bill: "Your current policy will expire on May 9, 2004 at 12:01 a.m." Appellant has conceded, for the sake of this argument, that his payment was not made until after the expiration of the initial policy and after his wife's accident. Appellant's policy provides:

If we offer to renew or continue and you or your representative do not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due shall mean that you have not accepted our offer.

When the initial policy expired, the relationship between appellant and appellee had ended according to the terms of the initial policy. In *Bailey,* the organization chose to reinstate Bailey as a member, giving him the right to his existing benefit certificate. In this case, there was no policy in existence. When appellant paid the renewal premium, appellee issued a new policy effective on the date of payment. Unlike *Bailey,* appellant did not forfeit the right to an existing policy by not paying the premium and then resurrect it when appellee accepted the premium; the policy expired and a new policy did not begin until appellant paid the premium. *See Davis,* 503 S.W.2d at 377 (holding no insurance coverage on day of auto accident when insured paid renewal premium one day after accident); *Rogers,* 215 S.W.2d at 352, (holding no insurance

coverage on day of auto accident when insured paid renewal premium three days after accident).

Therefore, we overrule appellant's first issue on appeal.

### C. Alleged Texas Administrative Code Violations

In his second issue, appellant asserts appellee violated various sections of the Texas Administrative Code in its handling of appellant's policy. Appellant did not raise this issue until his reply to appellee's response to his motion for judgment notwithstanding the verdict. Assuming without deciding appellant properly preserved his complaint on appeal, appellant's second issue is also without merit.

■ Appellant is correct that Texas Administrative Code section 5.7005(c) provides "[p]ersonal automobile policies which are written for a period of less than one year must be renewed, at the option of the insured, for additional periods so as to accumulate a minimum of 12 months' continuous coverage." 28 Tex. Admin. Code § 5.7005(c) (2008). However, coverage can terminate if premium payments are not made to renew the policy before the initial policy expires. *See Viking County Mutual Ins.*, 1992 WL 211068, at *3 (concluding that even though policies written for less than a year must be renewed at the option of the insured, a policy terminates under its own terms if the insured does not timely pay the renewal premium); *Longoria v. Greyhound Lines, Inc.*, 699 S.W.2d 298, 304 (Tex.App.-San Antonio 1985, no writ) (concluding policies written for less than one year must be renewed unless premium payments are not made before expiration of initial policy). Here, appellee offered to renew appellant's six-month policy for an additional six months; however, appellant exercised his option to not renew the policy by failing to make a timely payment to

renew the policy, thus ensuring continuous coverage for a one year period of time. Therefore, because the policy expired under its own terms when appellant failed to timely remit his payment to renew his policy, appellee did not violate section 5.7005(c) of the Texas Administrative Code.

■ Appellant also claims appellee violated section 5.7007 of the Texas Administrative Code. According to section 5.7007(a), "[a] policy must be renewed at expiration, at the option of the policyholder, unless the company has mailed written notice to the policyholder of its intention to decline renewal at least 30 days in advance of the policy expiration date." 28 Tex. Admin. Code § 5.7007(a). Appellee did not have an intention to decline renewal; in fact, appellee offered to renew the policy, at the option of appellant, by sending appellant the notice of renewal. A notice of cancellation is not required when a policy expires under its own terms. *See Zuniga*, 693 S.W.2d at 738. Because appellant's policy had expired under its own terms, we hold appellee was not obligated to comply with the cancellation procedures found in section 5.7007(a) of the Texas Administrative Code.

Appellant next contends appellee violated sections 5.7011 and 5.7014 of the Texas Administrative Code. However, pursuant to section 5.7001(b), sections 5.7011 and 5.7014 apply to all automobile insurance policies except personal automobile policies. 28 Tex. Admin. Code § 5.7001(b). Since appellant's policy was a personal automobile insurance policy, sections 5.7011 and 5.7014 do not apply and appellee was not required to comply with any procedures found therein.

Appellant also contends appellee's conduct violated section 5.7004 of the Texas

Administrative Code. Section 5.7004 provides:

Any company that declines to recognize or put into effect additional coverage to which an insured is entitled under the provisions of an existing policy, or that attempts to reduce or restrict coverage under the provisions of an existing policy by endorsements or by any other means, is in violation of these sections if such acts are performed without the consent of the insured, and shall be subject to the same penalties as a policy that is cancelled in violation of these sections.

28 Tex. Admin. Code § 5.7004.

Because appellant's policy expired under its own terms, appellee did not (1) impose a restriction or reduction on his coverage; or (2) decline to recognize or put into effect additional coverage. *See Zuniga*, 693 S.W.2d at 738. Therefore, we hold appellee did not violate section 5.7004 and overrule appellant's second issue on appeal.

### III. Conclusion

Having overruled appellant's issues on appeal, we affirm the judgment of the trial court.

SEYMORE, J., dissenting without opinion.