

NUMBER 13-10-00361-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARK A. BECERRA, **Appellant,**

**v.**

MARIA ELENA BALL A/K/A NENA BALL D/B/A
BALL INSURANCE AGENCY, NATIONAL LLOYDS
INSURANCE COMPANY, AND RUDY CANTU, **Appellees.**

**On appeal from County Court at Law No. 2
of Cameron County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides
Memorandum Opinion by Justice Rodriguez**

This appeal involves appellee National Lloyds Insurance Company's denial of

appellant Mark Becerra's insurance claim after appellee Rudy Cantu, an employee of

appellee Maria Elena Ball a/k/a Nena Ball d/b/a Ball Insurance Agency (Ball Insurance),

was allegedly negligent in failing to obtain an insurance policy on Becerra's behalf. Becerra challenges the trial court's granting of summary judgment in favor of appellees on both his breach of contract and negligence claims.  By two issues, Becerra argues that the trial court erred in granting summary judgment:  (1) on his breach of contract claim because a fact issue exists as to when the payment was due under the terms of the insurance binder; and (2) on his negligence claim because a fact issue exists as to whether Cantu failed to bill him for the insurance binder and failed to procure a policy to replace that insurance binder.  We affirm, in part, and reverse and remand, in part.

## I. BACKGROUND

Becerra is a contractor who builds homes.  On July 19, 2007, Becerra met with Cantu about obtaining insurance for a home Becerra was planning to build at 1818 El Cielo Lindo Court in Harlingen, Texas.  Cantu gave Becerra an insurance binder, on behalf of National Lloyds, that provided coverage up to $79,000, had an effective date of July 20, 2007, and had an expiration date of January 19, 2008.  The insurance binder also stated that it was subject to the conditions of the actual insurance policy that would later replace the insurance binder.  The record shows that Becerra never paid the premium for the policy.

On October 17, 2007, a fire damaged the home being constructed at 1818 El Cielo Lindo Court.  When Becerra filed a claim with National Lloyds, it was denied.  Becerra then filed this lawsuit against appellees.

In his lawsuit, Becerra alleged a breach of contract claim against all appellees based on the denial of his insurance claim.  Becerra also alleged violations of the Texas

Insurance Code and sought a declaratory judgment against all appellees.[1]   Finally, Becerra brought a claim of negligence against Cantu and Ball Insurance.

National Lloyds and Cantu and Ball Insurance filed motions for summary judgment on the breach of contract claim.   In response, Becerra produced evidence which he alleged showed that the time of payment for the premium was ambiguous and that the ambiguity created a material issue of fact.   Cantu and Ball Insurance also filed a motion for summary judgment on the negligence claim.   In response, Becerra produced evidence allegedly showing that Cantu was supposed to obtain a replacement insurance policy and that Cantu was to bill Becerra the premiums as he had always done in the past. As part of his response evidence, Becerra also offered portions of Cantu's affidavit, wherein Cantu alleged that Becerra said he would bring a check for the premium due under the binder the day after Cantu issued the binder.   Becerra also relied on portions of the affidavit wherein Cantu alleged that when he called Becerra a few days later to ask why he had not brought the check, Becerra told him that the construction project was on hold and that Cantu should not get the replacement insurance policy.   In his response, Becerra alleged that this evidence created a material issue of fact and that summary judgment was improper on his negligence claim.   The trial court granted all motions for summary judgment, and this appeal followed.

## II. STANDARD OF REVIEW

A traditional summary judgment is reviewed de novo.  *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).   In reviewing the

---

[1] Becerra does not challenge the summary judgment granted by the trial court in favor of appellees on his insurance code violation claim or his declaratory judgment action.

summary judgment evidence, we assume that the nonmovant's evidence is true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts about the existence of a genuine issue of material fact in favor of the nonmovant. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). A defendant is entitled to summary judgment if it can conclusively negate at least one essential element of the plaintiff's cause of action. *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

"A party moving for traditional summary judgment carries the burden of establishing that no material fact issue exists and that it is entitled to judgment as a matter of law." *Calpine Producer Servs., L.P. v. Wiser Oil Co.*, 169 S.W.3d 783, 787 (Tex. App.—Dallas 2005, no pet.); *see* TEX. R. CIV. P. 166a(c). In reviewing motions for summary judgment, issues not expressly presented to the trial court by written motion or response to a motion for summary judgment cannot be considered as grounds either to affirm or reverse the trial court's judgment. TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993); *see Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 774 (Tex. App.—Corpus Christi 2007, no pet.) (op. on reh'g). "A motion must stand or fall on the grounds expressly presented in the motion." *McConnell*, 858 S.W.2d at 341.

### III. BREACH OF CONTRACT

By his first issue, Becerra argues that the trial court erred in granting summary judgment on his breach of contract claim because a fact issue exists as to when the payment was due under the terms of the insurance binder. Specifically, Becerra argues

4

that the terms of the contract are ambiguous and that the ambiguity creates a material issue of fact as to when payment was due for the premium on the insurance binder.

In an insurance breach of contract claim, the claimant must establish that the insurance contract was in full force at the time it suffered the loss. *Ranger County Mut. Ins., Co. v. Chrysler Credit Corp.*, 501 S.W. 295, 298 (Tex. 1973). "The payment of the premium in accordance with provisions of the insurance policy is a condition precedent to establishment of liability against the insurer." *Hartland v. Progressive County Mut. Ins. Co. v. Chrysler Credit Corp.*, 290 S.W.3d 318, 322 (Tex. App.—Houston [14th Dist.] 2009, no pet.). Therefore, the claimant must show that the premium was paid in accordance with the terms of the policy in order to show that the contract was in force at the time the claimant suffered a loss. *See id.*

Becerra does not challenge the fact that he did not pay the premium. Instead, Becerra argues that the insurance binder he was given was ambiguous about when payment of the premium was due. Whether ambiguity exists in a contract is a question of law that we review de novo. *In re D. Wilson Const. Co.*, 196 S.W.3d 774, 781 (Tex. 2006). A contract is ambiguous when the meaning is subject to "two or more reasonable interpretations after applying the pertinent rules of construction." *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). "Ambiguity does not exist merely because the parties assert forceful and diametrically opposing interpretations." *In re D. Wilson,* 196 S.W.3d at 781.

Becerra contends that because the binder does not provide a payment due date, the binder became effective as soon as it was handed to him. Becerra also points to the

5

following language from the binder: "If this binder is not replaced by a policy, the Company is entitled to charge a premium for the binder according to the Rules and Rates in use by the Company." Becerra argues that the only way to interpret this statement is that the payment is due after the new policy is issued. In sum, Becerra argues that because there are multiple plausible interpretations of the contract, the contract is ambiguous, and that ambiguity creates a material issue of fact as to when payment was due. We are not persuaded by Becerra's argument.

The complained-of language is not relevant to the challenged ambiguity regarding payment. Rather, the following are the relevant provisions of the policy, and they are not ambiguous. The binder clearly states that "[t]he Insurance is subject to the terms, conditions, and limitations of the polic[ies] in current use by the Company." The conditions of the policy include that "[t]he first Named Insured shown in the Declarations . . . is responsible for the payment of all premiums." Furthermore, the policy indicates that "[i]n return for the payment of the premium . . . we agree with you to provide the Insurance as stated in this policy." Contrary to Becerra's assertions, the terms of the binder are clear, and under those terms, payment was necessary for the binder to go into effect. We therefore conclude that there is no ambiguity in the insurance contract at issue. *See id.*

Payment of the premium was a condition precedent for the insurance contract to go into effect. *See Hartland*, 290 S.W.3d at 322. It is clear from the record that Becerra did not pay the premium and thus failed to fulfill the condition precedent. As a result, the evidence shows that the insurance contract was not in full force at the time Becerra

6

suffered the claimed loss—which Becerra must prove in order to establish his breach of contract claim. *See Ranger*, 501 S.W. at 298. Because appellees were able to conclusively negate this essential element, we conclude that summary judgment on the breach of contract claim was proper. *See Am. Tobacco*, 951 S.W.2d at 425; *see also* TEX. R. CIV. P. 166a(c). Becerra's first issue is overruled.

## IV. NEGLIGENCE

The second issue on appeal is whether the trial court erred in granting Cantu and Ball Insurance's motion for summary judgment on Becerra's negligence claim. Because Cantu and Ball Insurance did not effectively state any grounds in their motion for which summary judgment could be granted on Becerra's negligence claim, we believe that the summary judgment on the negligence claim was improper.

The entirety of Cantu and Ball Insurance's motion for summary judgment on the negligence claim follows:

> The Plaintiff also contends that these Defendants were negligent. In order to establish a cause of action based on negligence, a plaintiff must establish the following:
>
> 1. A legal duty owed by the defendant to the plaintiff;
>
> 2. A breach of that duty; and
>
> 3. Damage proximately caused by the breach.
>
> See Greater Houston Transp. Co., 801 S.W.2d 523 (Tex. 1990); El Chico Corp. v. Pool, 732 S.W.2d 306, 311 (Tex. 1987). Here it is uncontroverted that the Plaintiff was given the binder on July 19, 2007, that the fire occurred nearly three months later on October 17, 2007, that the Plaintiff had failed to pay for the binder prior to that date and that the Plaintiff only contacted Mr. Cantu regarding payment for the binder after the fire had already occurred. It is submitted that on the undisputed facts, the Defendants did not breach any standard of care to the Plaintiff and that the cause of any loss which he

7

may have allegedly sustained was his own lack of diligence in failing to pay the premium.

(Emphases omitted.)

On appeal, Cantu and Ball Insurance assert several substantive grounds, supported by authority, regarding the common-law duties owed by an insurance agent to its client, that Cantu's actions did not amount to a breach of those duties, and that Becerra's injury was, in the end, caused by his failure to pay the premium due for the policy. But they asserted none of these grounds clearly in their motion for summary judgment. Cantu and Ball Insurance cannot rely on their mere recitation of "undisputed" facts to provide the grounds for the motion. *See McConnell*, 858 S.W.2d at 341; *see also Bank of Am. N.A. v. Eisenhauer*, No. 13-09-00004-CV, 2010 WL 2784031, at *5 (Tex. App.—Corpus Christi July 15, 2010, no pet.) (mem. op.). And although they laid out the generic elements for negligence and set forth the two elements (breach and causation) that the "undisputed facts" supposedly negated, they did not provide any relevant law identifying the "standard of care" or causation requirement in the context of this case or provide any explanation of how the "undisputed facts" conclusively disproved the elements. *See Am. Tobacco*, 951 S.W.2d at 425. In other words, nowhere in their motion did Cantu and Ball Insurance expressly state the grounds or reasons which they now argue are sufficient to entitle them to summary judgment as a matter of law. *See McConnell*, 858 S.W.2d at 341. It was ultimately their burden to do so. *See Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989) (holding that the burden shifts to the nonmovant only after the movant has established that it is entitled to summary judgment as a matter of law); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)

8

(same). For this reason, we conclude that the trial court erred in granting summary judgment on Becerra's negligence claim on any basis.[2]

## V. CONCLUSION

We affirm the trial court's summary judgment on the breach of contract claims but reverse the summary judgment on the negligence claim and remand for proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
4th day of August, 2011.

---

[2] Becerra also asserted claims for violations of the Texas Insurance Code and sought a declaratory judgment. The trial court granted summary judgment on these claims, as well. However, Becerra does not contest the summary judgment on either of these claims; therefore, he has waived our review of those claims on appeal. S*ee Jacobs v. Satterwhite*, 65 S.W.3d 653, 655-56 (Tex. 2001) (providing that the failure to complain on appeal about a summary judgment on a claim waives any error in that claim).