NUMBER 13-10-00361-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

MARK A. BECERRA,                                                                         Appellant,

 

v.

 

MARIA ELENA BALL
A/K/A NENA BALL D/B/A

BALL INSURANCE
AGENCY, NATIONAL LLOYDS

INSURANCE COMPANY,
AND RUDY CANTU,                   Appellees.

                                                                                                                     
  

 

On appeal from County
Court at Law No. 2 

of Cameron County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Benavides 

Memorandum Opinion by
Justice Rodriguez

 

This appeal involves appellee National
Lloyds Insurance Company's denial of appellant Mark Becerra's insurance claim
after appellee Rudy Cantu, an employee of appellee Maria Elena Ball a/k/a Nena
Ball d/b/a Ball Insurance Agency (Ball Insurance), was allegedly negligent in
failing to obtain an insurance policy on Becerra's behalf.  Becerra challenges
the trial court's granting of summary judgment in favor of appellees on both his
breach of contract and negligence claims.  By two issues, Becerra argues that
the trial court erred in granting summary judgment:  (1) on his breach of
contract claim because a fact issue exists as to when the payment was due under
the terms of the insurance binder; and (2) on his negligence claim because a
fact issue exists as to whether Cantu failed to bill him for the insurance
binder and failed to procure a policy to replace that insurance binder.  We
affirm, in part, and reverse and remand, in part.

I.  Background

            Becerra is a contractor who builds homes.  On
July 19, 2007, Becerra met with Cantu about obtaining insurance for a home
Becerra was planning to build at 1818 El Cielo Lindo Court in Harlingen,
Texas.  Cantu gave Becerra an insurance binder, on behalf of National Lloyds,
that provided coverage up to $79,000, had an effective date of July 20, 2007,
and had an expiration date of January 19, 2008.  The insurance binder also
stated that it was subject to the conditions of the actual insurance policy
that would later replace the insurance binder.  The record shows that Becerra never
paid the premium for the policy. 

            On October 17, 2007, a fire damaged the home
being constructed at 1818 El Cielo Lindo Court.  When Becerra filed a claim
with National Lloyds, it was denied.  Becerra then filed this lawsuit against
appellees.

            In his lawsuit, Becerra alleged a breach of
contract claim against all appellees based on the denial of his insurance
claim.  Becerra also alleged violations of the Texas Insurance Code and sought
a declaratory judgment against all appellees.[1] 
Finally, Becerra brought a claim of negligence against Cantu and Ball
Insurance.  

National Lloyds and Cantu and Ball
Insurance filed motions for summary judgment on the breach of contract claim. 
In response, Becerra produced evidence which he alleged showed that the time of
payment for the premium was ambiguous and that the ambiguity created a material
issue of fact.  Cantu and Ball Insurance also filed a motion for summary
judgment on the negligence claim.  In response, Becerra produced evidence allegedly
showing that Cantu was supposed to obtain a replacement insurance policy and
that Cantu was to bill Becerra the premiums as he had always done in the past. 
As part of his response evidence, Becerra also offered portions of Cantu's affidavit,
wherein Cantu alleged that Becerra said he would bring a check for the premium
due under the binder the day after Cantu issued the binder.  Becerra also
relied on portions of the affidavit wherein Cantu alleged that when he called
Becerra a few days later to ask why he had not brought the check, Becerra told
him that the construction project was on hold and that Cantu should not get the
replacement insurance policy.  In his response, Becerra alleged that this
evidence created a material issue of fact and that summary judgment was
improper on his negligence claim.  The trial court granted all motions for
summary judgment, and this appeal followed.

II.  Standard of Review

            A traditional summary judgment is reviewed de
novo.  Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding, 289
S.W.3d 844, 848 (Tex. 2009).  In reviewing the summary judgment evidence, we
assume that the nonmovant's evidence is true, indulge every reasonable
inference in favor of the nonmovant, and resolve all doubts about the existence
of a genuine issue of material fact in favor of the nonmovant.  M.D.
Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000)
(per curiam).  A defendant is entitled to summary judgment if it can
conclusively negate at least one essential element of the plaintiff's cause of
action.  Am. Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.
1997).

"A party moving for traditional
summary judgment carries the burden of establishing that no material fact issue
exists and that it is entitled to judgment as a matter of law."  Calpine
Producer Servs., L.P. v. Wiser Oil Co., 169 S.W.3d 783, 787 (Tex.
App.—Dallas 2005, no pet.); see Tex.
R. Civ. P. 166a(c).  In reviewing motions for summary judgment, issues
not expressly presented to the trial court by written motion or response to a
motion for summary judgment cannot be considered as grounds either to affirm or
reverse the trial court's judgment.  Tex.
R. Civ. P. 166a(c); McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 341 (Tex. 1993); see Mercier v. Sw. Bell Yellow Pages, Inc.,
214 S.W.3d 770, 774 (Tex. App.—Corpus Christi 2007, no pet.) (op. on reh'g).  "A
motion must stand or fall on the grounds expressly presented in the
motion."  McConnell, 858 S.W.2d at 341.

III.  Breach of Contract

            By his first issue, Becerra argues that the
trial court erred in granting summary judgment on his breach of contract claim
because a fact issue exists as to when the payment was due under the terms of
the insurance binder.  Specifically, Becerra argues that the terms of the
contract are ambiguous and that the ambiguity creates a material issue of fact
as to when payment was due for the premium on the insurance binder.

            In an insurance breach of contract claim, the
claimant must establish that the insurance contract was in full force at the
time it suffered the loss.  Ranger County Mut. Ins., Co. v. Chrysler Credit
Corp., 501 S.W. 295, 298 (Tex. 1973).  "The payment of the premium in
accordance with provisions of the insurance policy is a condition precedent to
establishment of liability against the insurer."  Hartland v.
Progressive County Mut. Ins. Co. v. Chrysler Credit Corp., 290 S.W.3d 318,
322 (Tex. App.—Houston [14th Dist.] 2009, no pet.).  Therefore, the claimant
must show that the premium was paid in accordance with the terms of the policy
in order to show that the contract was in force at the time the claimant
suffered a loss.  See id.

            Becerra does not challenge the fact that he
did not pay the premium.  Instead, Becerra argues that the insurance binder he
was given was ambiguous about when payment of the premium was due.  Whether
ambiguity exists in a contract is a question of law that we review de novo.  In
re D. Wilson Const. Co., 196 S.W.3d 774, 781 (Tex. 2006).  A contract is
ambiguous when the meaning is subject to "two or more reasonable
interpretations after applying the pertinent rules of construction."  Columbia
Gas Transmission Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex.
1996).  "Ambiguity does not exist merely because the parties assert
forceful and diametrically opposing interpretations."  In re D. Wilson,
196 S.W.3d at 781.

            Becerra contends that because the binder does
not provide a payment due date, the binder became effective as soon as it was
handed to him.  Becerra also points to the following language from the binder:  "If
this binder is not replaced by a policy, the Company is entitled to charge a
premium for the binder according to the Rules and Rates in use by the
Company."  Becerra argues that the only way to interpret this statement is
that the payment is due after the new policy is issued.  In sum, Becerra argues
that because there are multiple plausible interpretations of the contract, the
contract is ambiguous, and that ambiguity creates a material issue of fact as
to when payment was due.  We are not persuaded by Becerra's argument.  

            The complained-of language is not relevant to
the challenged ambiguity regarding payment.  Rather, the following are the
relevant provisions of the policy, and they are not ambiguous.  The binder
clearly states that "[t]he Insurance is subject to the terms, conditions,
and limitations of the polic[ies] in current use by the Company."  The
conditions of the policy include that "[t]he first Named Insured shown in
the Declarations . . . is responsible for the payment of
all premiums."  Furthermore, the policy indicates that "[i]n return
for the payment of the premium . . . we agree with you to provide the Insurance
as stated in this policy."  Contrary to Becerra's assertions, the terms of
the binder are clear, and under those terms, payment was necessary for the
binder to go into effect.  We therefore conclude that there is no ambiguity in
the insurance contract at issue.  See id.

            Payment of the premium was a condition
precedent for the insurance contract to go into effect.  See Hartland,
290 S.W.3d at 322.  It is clear from the record that Becerra did not pay the
premium and thus failed to fulfill the condition precedent.  As a result, the
evidence shows that the insurance contract was not in full force at the time
Becerra suffered the claimed loss—which Becerra must prove in order to
establish his breach of contract claim.  See Ranger, 501 S.W. at
298.  Because appellees were able to conclusively negate this essential
element, we conclude that summary judgment on the breach of contract claim was
proper.  See Am. Tobacco, 951 S.W.2d at 425; see also Tex. R. Civ. P. 166a(c).  Becerra's
first issue is overruled.

IV.  Negligence

The second issue on appeal is whether
the trial court erred in granting Cantu and Ball Insurance's motion for summary
judgment on Becerra's negligence claim.  Because Cantu and Ball Insurance did
not effectively state any grounds in their motion for which summary judgment could
be granted on Becerra's negligence claim, we believe that the summary judgment
on the negligence claim was improper.

The entirety of Cantu and Ball Insurance's
motion for summary judgment on the negligence claim follows:

The
Plaintiff also contends that these Defendants were negligent.  In order to
establish a cause of action based on negligence, a plaintiff must establish the
following:

 

1.         A
legal duty owed by the defendant to the plaintiff;

 

2.         A
breach of that duty; and

 

3.         Damage
proximately caused by the breach.

 

See Greater Houston
Transp. Co., 801 S.W.2d 523 (Tex. 1990); El Chico Corp. v. Pool, 732 S.W.2d
306, 311 (Tex. 1987).  Here it is uncontroverted that the Plaintiff was given
the binder on July 19, 2007, that the fire occurred nearly three months later
on October 17, 2007, that the Plaintiff had failed to pay for the binder prior
to that date and that the Plaintiff only contacted Mr. Cantu regarding payment
for the binder after the fire had already occurred.  It is submitted that on
the undisputed facts, the Defendants did not breach any standard of care to the
Plaintiff and that the cause of any loss which he may have allegedly sustained
was his own lack of diligence in failing to pay the premium.

 

(Emphases omitted.)

            On appeal, Cantu and Ball Insurance assert
several substantive grounds, supported by authority, regarding the common-law
duties owed by an insurance agent to its client, that Cantu's actions did not
amount to a breach of those duties, and that Becerra's injury was, in the end,
caused by his failure to pay the premium due for the policy.  But they asserted
none of these grounds clearly in their motion for summary judgment.  Cantu and
Ball Insurance cannot rely on their mere recitation of "undisputed" facts
to provide the grounds for the motion.  See McConnell, 858 S.W.2d at
341; see also Bank of Am. N.A. v. Eisenhauer, No. 13-09-00004-CV, 2010
WL 2784031, at *5 (Tex. App.—Corpus Christi July 15, 2010, no pet.) (mem. op.). 
And although they laid out the generic elements for negligence and set forth
the two elements (breach and causation) that the "undisputed facts"
supposedly negated, they did not provide any relevant law identifying the
"standard of care" or causation requirement in the context of this
case or provide any explanation of how the "undisputed facts"
conclusively disproved the elements.  See Am. Tobacco, 951 S.W.2d
at 425.  In other words, nowhere in their motion did Cantu and Ball Insurance
expressly state the grounds or reasons which they now argue are sufficient to
entitle them to summary judgment as a matter of law.  See McConnell, 858
S.W.2d at 341.  It was ultimately their burden to do so.  See Casso v. Brand,
776 S.W.2d 551, 556 (Tex. 1989) (holding that the burden shifts to the
nonmovant only after the movant has established that it is entitled to summary
judgment as a matter of law); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979) (same).  For this reason, we conclude that the
trial court erred in granting summary judgment on Becerra's negligence claim on
any basis.[2]

V.  Conclusion

            We affirm the trial court's summary judgment
on the breach of contract claims but reverse the summary judgment on the
negligence claim and remand for proceedings consistent with this opinion.

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Delivered
and filed the 

4th
day of August, 2011.









[1]
Becerra does not challenge
the summary judgment granted by the trial court in favor of appellees on his
insurance code violation claim or his declaratory judgment action.





[2] Becerra also asserted claims for violations of the Texas
Insurance Code and sought a declaratory judgment.  The trial court granted
summary judgment on these claims, as well.  However, Becerra does not contest
the summary judgment on either of these claims; therefore, he has waived our
review of those claims on appeal.  See Jacobs v. Satterwhite, 65
S.W.3d 653, 655-56 (Tex. 2001) (providing that the failure to complain on
appeal about a summary judgment on a claim waives any error in that claim).