**Affirmed and Memorandum Opinion filed December 20, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00861-CV

---

### ISSAC SAVVAS MOLHO, Appellant

### V.

### WEICHERT, REALTORS REICHARDT & ASSOCIATES, Appellee

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 06-DCV-148762**

---

## M E M O R A N D U M   O P I N I O N

In this breach-of-contract case, appellant Issac Savvas Molho challenges the trial court's judgment notwithstanding the verdict ("JNOV") in favor of appellee Weichert, Realtors and Reichardt & Associates ("Weichert"). In a single issue, Molho asserts that the trial court entered an erroneous judgment on the jury's verdict. We affirm.

# BACKGROUND

As is relevant to this appeal, Weichert, a real estate agency, sued Molho, an independent sales associate, for breach of an Independent Contractor Sales Associate Agreement (the "agreement") between the parties. Weichert alleged that Molho had altered the term length of a property listing agreement from one year to three months in violation of the agreement. Molho counterclaimed for breach of the agreement, alleging unlawful termination of the agreement and conversion, among other claims. In its first amended answer, Weichert asserted the defense of prior material breach in response to Molho's breach-of-contract claim.

The parties tried their case to a jury in May 2011.[1] At the charge conference, the following jury questions were agreed upon by Weichert and Molho:

> Question No. 1:  Did [Molho] fail to comply with the [agreement] with [Weichert]?
>
> . . .
>
> Question No. 2:  What sum of money, if any, if paid now in cash would fairly and reasonably compensate [Weichert] for its damages, if any, that resulted from such failure to comply?
>
> . . .
>
> Question No. 8:  Did [Weichert] fail to comply with the [agreement]?
>
> . . .
>
> Question No. 9:  What sum of money, if any, paid now in cash would fairly and reasonabl[y] compensate [Molho] for his damages, if any, that resulted from [Weichert's] failure to comply with the terms of the [agreement]?
>
> . . .
>
> Question No. 11:  Who failed to comply with the agreement first? Answer "[Weichert]" or "[Molho]."

---

[1] The only portion of the reporter's record from the jury trial provided to us is the charge conference.

2

Molho neither challenged Question 11,[2] nor requested an instruction on material breach during the charge conference.

On May 20, 2011, the jury returned its verdict. In pertinent part, it answered "Yes" to Question 1, but entered "-0-" in response to Question 2, finding that Molho had failed to comply with the agreement, but that this failure did not result in monetary damages. The jury answered "Yes" to Question 8 and "$1,443.06" to Question 9, finding that Weichert also had failed to comply with the agreement and that this failure resulted in monetary damages to Molho.[3] Finally, in response to Question 11, the jury found that Molho was the first to fail to comply with the agreement.

On June 16, 2011, Weichert moved for JNOV, asserting that the jury's award of damages to Molho for breach of contract and attorney's fees was improper as a matter of law. It asserted that its duty to perform under the contract was excused by Molho's prior material breach, which the jury found by its response to questions 1 and 11. Thus, Weichert argued, as a matter of law, Molho could not recover on his breach-of-contract claim. And because Moho could not recover on his breach-of-contract claim, he could not recover attorney's fees.

On July 15, 2011, Molho moved for entry of judgment based on the jury's answers to questions regarding Weichert's breach of the agreement, damages, and attorney's fees. Molho responded to Weichert's JNOV motion on August 22, 2011. He did not reply to Weichert's arguments that his prior breach of the agreement

---

[2] The clerk's record contains a proposed jury question, with a notation indicating it was rejected by the trial court, asking whether Molho's obligations under the contract were excused because Weichert breached the agreement first. But at the charge conference, this question was not specifically referenced. Additionally, Molho's trial counsel affirmatively stated, "I'm okay with [Question] 11."

[3] The jury also found that $9,180 was a reasonable amount for Molho's attorney fees for preparation and trial, as well as finding reasonable appellate fees.

3

was material in his response to Weichert's JNOV motion. Instead, Molho asserted that Question 11 was irrelevant because no damages had been awarded to Weichert on its breach-of-contract claim.

On September 1, 2011, the trial court rendered a take-nothing judgment in favor of Weichert on Molho's breach-of-contract claim.[4] The trial court also denied Molho attorney's fees. Molho filed a motion for reconsideration, which was overruled by operation of law. Molho timely filed this appeal.

## ANALYSIS

In Molho's sole issue, he contends that the trial court misapplied the law in overruling the jury's award of damages and attorney's fees on his breach-of-contract claim. Specifically, he argues that because no damages were awarded to Weichert on its breach-of-contract claim, the jury's finding that Molho breached first is immaterial and the trial court should not have granted JNOV. Weichert counters that the court properly applied the law to the jury's findings, the jury found Molho's breach material, and damages were not required to find a material breach.

We affirm a trial court's decision to grant a JNOV if there is no evidence to support one or more jury findings necessary for liability,[5] or when a legal principle precludes recovery. *Autry v. Dearman*, 933 S.W.2d 182, 190–91 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *John Masek Corp. v. Davis*, 848 S.W.2d 170, 173 (Tex. App.—Houston [1st Dist.] 1992, writ denied). In considering a JNOV, we apply the standards for "no evidence" embodied in a legal sufficiency review. *Hartland v. Progressive Cnty. Mut. Ins. Co.*, 290 S.W.3d 318, 321 (Tex.

---

[4] The court further awarded Molho $300 as damages for his conversion claim plus court costs. This portion of the judgment is not at issue in this appeal.

[5] *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003).

App.—Houston [14th Dist.] 2009, no pet.); *see City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). Thus, we will affirm a JNOV if (1) there is a complete absence of evidence of a vital fact; (2) rules of law or evidence preclude according weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Hartland*, 290 S.W.3d at 321 (citing *City of Keller*, 168 S.W.3d at 810). We must review the evidence in the light most favorable to the verdict and assume that the jury resolved all conflicts in accordance with the verdict. *City of Keller*, 168 S.W.3d at 820. To the extent that the trial court's ruling is based on a question of law, we review that part of the ruling de novo. *COC Servs., Ltd. v. CompUSA, Inc.*, 150 S.W.3d 654, 662 (Tex. App.—Dallas 2004, pet. denied); *see also In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994) ("[Q]uestions of law are always subject to de novo review.")

"It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) (per curiam). As noted above, Molho contends that because no damages were awarded for his prior breach, the jury's finding that he breached the agreement first should be disregarded. However, there is no requirement that damages be associated with a defense of prior material breach. *See id.* at 199–201 (holding a contract to construct a pipeline was terminated by the construction company's prior material breach of the contract, although awarding no damages to the other party for this prior material breach). Thus, we reject Molho's argument.[6]

---

[6] Molho did not challenge the materiality of his prior breach until he filed his reply brief on appeal, notwithstanding the fact that Weichert raised prior material breach in its answer and its JNOV. In his reply brief, he asserts that the jury did not find that the breach was material and

5

Accordingly, we overrule Molho's sole issue and affirm the trial court's judgment.


/s/           Adele Hedges
                     Chief Justice

Panel consists of Chief Justice Hedges and Justices Brown and Busby.

---

thus Weichert had not established a necessary element of this defense. Arguments may not be raised for the first time in a reply brief. *Brown v. Green*, 302 S.W.3d 1, 13–14 (Tex. App.—Houston [14th Dist.] 2009, no pet.).