NO. 15-25-00134-CV

ACCEPTED
15-25-00134-CV
FIFTEENTH COURT OF APPEALS
~~AUSTIN~~, TEXAS
10/20/2025 9:17 AM
CHRISTOPHER A. PRINE
CLERK

# In the
# Fifteenth Court of Appeals
# Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/20/2025 9:17:39 AM
CHRISTOPHER A. PRINE
Clerk

TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND,

*Appellant,*

v.

SOUTHWEST TEXAS JUNIOR COLLEGE,

*Appellee.*

Appeal from the 38th Judicial District Court
Uvalde County, Texas, No. 2023-11-35269-CV
The Honorable Kelley T. Kimble, Presiding Judge

## REPLY BRIEF OF APPELLANT TEXAS ASSOCIATION OF SCHOOL BOARDS RISK MANAGEMENT FUND

Jack W. Higdon
Texas Bar No. 24007360
jack.higdon@blankrome.com
Barry Abrams
Texas Bar No. 00822700
barry.abrams@blankrome.com
Joshua A. Huber
Texas Bar No. 24065457
josh.huber@blankrome.com
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002-2727
Telephone: (713) 228-6601
*Attorneys for Appellant*

ORAL ARGUMENT REQUESTED

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......................................................................... 1

II. ARGUMENT ................................................................................ 3

    A. Immunity Waivers Cannot be Expanded Through Artful Pleading. ............................................................................ 3

    B. The College Misconstrues Section 271.155 as an Immunity Waiver ................................................................. 5

    C. The College Does Not Dispute that Equitable Defenses are Unavailable to *Create* New and Different Coverage .............. 7

    D. The College Does Not Dispute that its Fraud and Bad Faith Allegations are Asserted Offensively .......................... 10

    E. The College Adduced No Jurisdictional Evidence of a Viable Waiver or Unconscionability Theory. ........................ 12

        1. The College Misstates the Standard of Review Applicable to the Fund's Jurisdictional Challenge. ....12

        2. The College Adduced No Jurisdictional Evidence to Support its Waiver or Unconscionability Theories. ....14

III. PRAYER ................................................................................... 15

CERTIFICATE OF COMPLIANCE ....................................................... 16

CERTIFICATE OF SERVICE ............................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

Cases

*Broussard v. Tex. Farm Bureau Underwriters,*
No. 14-14-00395-CV, 2014 Tex. App. LEXIS 14046 (Tex.
App.—Houston [14th Dist.] June 4, 2014, no pet.)...............................8

*Cameron Cnty. Reg'l Mobility Auth. v. Garza,*
No. 13-18-00544-CV, 2019 Tex. App. LEXIS 8968 (Tex.
App.—Corpus Christi–Edinburg Oct. 10, 2019, no pet.)...................14

*In re FirstMerit Bank, N.A.,*
52 S.W.3d 749 (Tex. 2001) ................................................................15

*Fitzhugh 25 Partners, L.P. v. KILN Syndicate KLN 501,*
261 S.W.3d 861 (Tex. App.—Dallas 2008, pet. denied)........................9

*Green Acres Baptist Church, Inc. v. Bhd. Mut. Ins. Co.,*
No. 6:23-CV-566-JDK, 2025 U.S. Dist. LEXIS 126690
(E.D. Tex. July 3, 2025) ................................................................10

*Hidalgo Cnty. v. Dyer,*
358 S.W.3d 698 (Tex. App.—Corpus Christi—Edinburg
2011, no pet.) ................................................................... 3, 11

*LeBlanc v. Lange,*
365 S.W.3d 70 (Tex. App.—Houston [1st Dist.] 2011, no
pet.) ................................................................................14

*McLennan Cnty. Water Control & Improvement Dist. #2 v.
Geer,*
No. 10-17-00399-CV, 2020 Tex. App. LEXIS 5663 (Tex.
App.—Waco July 22, 2020, no pet.) (mem. op.) ...........................3, 11

*Methodist Hosp. v. Addison,*
574 S.W.3d 490 (Tex. App.—Houston [14th Dist.] 2019, no
pet.) ................................................................................11

*Metro Allied Ins. Agency, Inc. v. Lin,*
  304 S.W.3d 830 (Tex. 2009) .................................................... 8, 10, 11

*Rice v. Metro. Life Ins. Co.,*
  324 S.W.3d 660 (Tex. App.—Fort Worth 2010, no pet.) ...................... 8

*Self v. W. Cedar Creek Mun. Util. Dist.,*
  No. 12-20-00082-CV, 2021 Tex. App. LEXIS 66 (Tex.
  App.—Tyler Jan. 6, 2021, no pet.) .................................................... 4, 11

*Shields Ltd. P'ship v. Bradberry,*
  526 S.W.3d 471 (Tex. 2017) ................................................................ 14

*Tex. Ass'n of Sch. Bds. Risk Mgmt. Fund v. Southwest Tex.
  Jun. College,*
  No. 15-25-00115-CV (Tex. App. 15th Dist 2025) ................................. 1

*Tex. Farm Bureau Underwriters v. Rasmussen,*
  410 S.W.3d 335 (Tex. App.—Houston [1st Dist.] 2013, pet.
  denied) ............................................................................................... 8

*Texas Farmers Ins. Co. v. McGuire,*
  744 S.W.2d 601 (Tex.1988) ............................................................ 8, 10

*Tooke v. City of Mexia,*
  197 S.W.3d 325 (Tex. 2006) ............................................................... 6

*Ulico Cas. Co. v. Allied Pilots Ass'n,*
  262 S.W.3d 773 (Tex. 2008) ........................................................... 8, 10

*Washington National Insurance Co. v. Craddock,*
  109 S.W.2d 165 (Tex. 1937) ........................................................... 8, 10

*Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cty.,*
  449 S.W.3d 98 (Tex. 2014) .............................................................. 2, 7

**Statutes**

Tex. Loc. Gov't Code
  § 271.151(2)(A) ....................................................................... 5
  § 271.152 .......................................................................... 2, 5, 7
  § 271.155 .................................................................. 2, 5, 6, 7, 10

# I.
## INTRODUCTION [1]

On appeal, the College primarily reprises the arguments raised in its response brief filed in the parties' related appeal before this Court,[2] again disregarding the correct legal standards for determining whether the Fund's immunity has been clearly and unambiguously waived for the College's equitable and intentional tort theories which purport to create and enforce new RCV coverage. Because the College duplicates arguments that the Fund has already addressed in its opening brief, in the interests of judicial economy and for the convenience of the Court, the following table correlates the College's various arguments and the Fund's previous responses:

| College's Arguments: | Fund's Response: |
| --- | --- |
| 1. The College only asserted factual allegations in support of equitable and intentional tort theories, not separate causes of action. <br><br> College's Brief at 13, 19, 20. | 1. The substance of the factual allegations determines whether immunity is waived, not the legal theories asserted or artful pleading. <br><br> Fund's Brief at 25-27. |

---

[1] All capitalized terms in this Reply are given the same meaning as defined in the Fund's opening brief.

[2] *See Tex. Ass'n of Sch. Bds. Risk Mgmt. Fund v. Southwest Tex. Jun. College*, No. 15-25-00115-CV (Tex. App. 15th Dist 2025).

| | |
|---|---|
| 2. *Zachry* did not disapprove of lower court authority that a court need not parse the pleadings and damages further to determine immunity when the contract sued upon falls within the scope of the Act.<br><br>**College's Brief at 36-42.** | 2. The Texas Supreme Court in *Zachry* expressly disapproved of the *City of Mesquite* line of cases and itself "parse[d] further" the pleadings and damage theories after determining that the contract fell within the Act.<br><br>**Fund's Brief at 19-20, 30-33.** |
| 3. *Colorado* and *Greenville* have resolved the immunity issues before the Court and held that purely defensive equitable theories may be raised against local government entities under Section 271.152.<br><br>**College's Brief at 22-27.** | 3. *Colorado* and *Greenville* are distinguishable (and not binding on this Court) because the College impermissibly asserts its equitable and tort theories *offensively* to create new RCV coverage.<br><br>**Fund's Brief at 39-42.** |
| 4. Section 271.155 waives immunity for defenses that are "available to a party to a contract," such as waiver and unconscionability.<br><br>**College's Brief at 23-27, 30-36.** | 4. Section 271.155 only preserves a defendant government entity's "other defenses," and the Texas Supreme Court has held that equitable doctrines like waiver and unconscionability are unavailable to a plaintiff to create new coverage terms.<br><br>**Fund's Brief at 42-46.** |
| 5. The Court's review is limited to the pleading allegations because the Fund allegedly did not contest the existence of jurisdictional facts.<br><br>**College's Brief at 15-16, 42-43.** | 5. The Fund challenged the existence of the College's jurisdictional facts with evidence, so the Court must consider the evidence.<br><br>**Fund's Brief at 46-48.** |

## II.
## ARGUMENT

A.  **IMMUNITY WAIVERS CANNOT BE EXPANDED THROUGH ARTFUL PLEADING.**

The College erroneously focuses on the cause of action it chose to assert rather than the substance of its factual allegations, in support of its argument that the Fund's immunity has been waived. *See* Response at 13 ("[T]he College asserted no other **cause of action** other than its breach of contract claim . . . The complained of additional claims . . . either do not exist because they have never been alleged **or are simply factual allegations** . . . ."); 19 ("All other possible **causes of action** . . . have never been asserted **as a claim** and the College has ultimately **never sought relief under any legal theory other than** its breach of contract cause of action.") (emphasis added).

But the label the College attaches to its cause of action is irrelevant; the substance of the College's underlying factual allegations determines whether the Fund's immunity has been waived. *Hidalgo Cnty. v. Dyer*, 358 S.W.3d 698, 704 (Tex. App.—Corpus Christi—Edinburg 2011, no pet.); *see also McLennan Cnty. Water Control & Improvement Dist. #2 v. Geer*, No. 10-17-00399-CV, 2020 Tex. App. LEXIS 5663, at *8-10 (Tex.

App.—Waco July 22, 2020, no pet.) (mem. op.); *Self v. W. Cedar Creek Mun. Util. Dist.*, No. 12-20-00082-CV, 2021 Tex. App. LEXIS 66, at *5 (Tex. App.—Tyler Jan. 6, 2021, no pet.).

The College's factual allegations contradict its position that it has asserted a claim to recover benefits allegedly owed under the express terms of the Coverage Documents. *See, e.g.*, Response at 9 ("Without [waiver and unconscionability] *the College would be at an unjust disadvantage* in recovering the monies [allegedly] owed . . . .") (emphasis added). The College concedes as much in the Response when it confirms that its claim for relief concerns the Fund's alleged "representations," "acts," and "statements," rather than the express terms of the Coverage Documents. *See id.* at 10-11 ("[T]he College seeks to hold TASB accountable for its failure to comply with its obligations, *representations*, [and] promises pursuant to the Interlocal Participation Agreement and Property Coverage Agreement"); 12 ("*Throughout the Claim, [the Fund] committed acts and made statements* that waived the enforcement of various contractual provisions . . . .") (emphasis added).

The Texas Legislature waived immunity in the Act only for the limited and defined purpose of "adjudicating a claim for breach" of

4

"written contract[s] stating the essential terms of the agreement . . . that are properly executed on behalf of the governmental entity." *See* TEX. LOC. GOV'T CODE §§ 271.151(2)(A), 271.152. The Act does *not* waive immunity for claims based upon equitable or tortiously-created terms allegedly resulting from a government entity's "representations," "acts," and "statements," even under circumstances where the express terms of the underlying government contract purportedly place the plaintiff at an "unjust disadvantage." Response at 9-11.

The College cannot, through artful pleading, import immunity-barred equitable and intentional tort theories into its breach of contract claim to *expand* the limited scope of the immunity waiver in Section 271.152 of the Act, and create and recover RCV benefits that the Fund's 1,000+ government entity members did not collectively agree to self-insure in the Coverage Documents.

B.    THE COLLEGE MISCONSTRUES SECTION 271.155 AS AN IMMUNITY WAIVER.

Throughout its Response, the College selectively quotes or mischaracterizes Section 271.155 as "explicitly" authorizing it to raise equitable and intentional tort theories against the Fund. *See, e.g.,* Response at 13 ("[S]ection 271.155 of the Act *explicitly permits*

5

contractual defenses for any party to a contract."); 13 ("[T]he College is *explicitly permitted to assert* [defenses] under section 271.155 of the Texas Local Government Code."); 21 ("[A] plain reading of the Act clearly states defenses are permissible . . . ."). That is not what Section 271.155 says.

Section 271.155 reads as follows:

> Sec. 271.155. **NO WAIVER OF OTHER DEFENSES**. This subchapter *does not waive a defense or a limitation on damages available to a party to a contract*, other than a bar against suit based on sovereign immunity. (emphasis added).

Section 271.155 merely states that the Act does not waive *a defense* (or a limitation on damages). *Id.* The issue here is not whether the Act waives the College's defenses. The Fund has never argued that the College has waived anything. The relevant issue is whether the Act expressly waives the Fund's *immunity*, and Section 271.155 is not an immunity waiver provision. *Tooke v. City of Mexia*, 197 S.W.3d 325, 328-29 (Tex. 2006) (statutory immunity waivers must be clear and unambiguous).

Interpreting Section 271.155 as an immunity waiver for the College's assertion of equitable and intentional tort theories as "defenses," as the College does, would drastically expand the limited

6

immunity waiver in Section 271.152 well beyond adjudicating whether a government entity has failed to perform express contract terms. It also would contravene the Texas Supreme Court's holdings in *Zachry* that Section 271.152 contains the *only* immunity waiver in the Act, and that the Act's other provisions contain "terms and conditions" that further "limit" the scope of the immunity waiver in Section 271.152. *Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cty.*, 449 S.W.3d 98, 106-108, 111 (Tex. 2014).

## C. THE COLLEGE DOES NOT DISPUTE THAT EQUITABLE DEFENSES ARE UNAVAILABLE TO *CREATE* NEW AND DIFFERENT COVERAGE.

Section 271.155 also does not "explicitly" state that the College's supposed waiver and unconscionability "defenses" are the type of defenses "available" to the College in connection with its claim for breach of the Coverage Documents that would allow it to create coverage where none otherwise exists. *See* Response at 23-24. The Texas Supreme Court has addressed this issue directly and has consistently held for more than 85 years that equitable doctrines of the sort the College invokes cannot be used to *create* coverage where it does not already exist under the express terms of a coverage agreement. *See* Fund's Brief at p. 44-46 (collecting cases).

7

The Response does not address *Washington National Insurance Co. v. Craddock,* 109 S.W.2d 165, 166 (Tex. 1937), *Texas Farmers Ins. Co. v. McGuire,* 744 S.W.2d 601, 602–03 (Tex.1988), *Ulico Cas. Co. v. Allied Pilots Ass'n,* 262 S.W.3d 773, 780 (Tex. 2008), or *Metro Allied Ins. Agency, Inc. v. Lin,* 304 S.W.3d 830, 836 (Tex. 2009).[3/] Nor does the College direct the Court to any contrary authority that would authorize the College to rely upon equitable theories – offensively or defensively – to create new and different RCV coverage nowhere found in the Coverage Documents. That is precisely what the College attempts to do here.

There is no dispute that the College only seeks to recover RCV damages. *See* Response at 8 ("Specifically, the College sought the 'Replacement Cost' ('Replacement Cost Value' or 'RCV') amount for the covered damages owed and due under the contract."); 12 ("[T]he College

---

[3/] Texas intermediate courts of appeal have likewise consistently applied this Texas Supreme Court precedent to bar insureds from asserting equitable doctrines to create coverage not provided under express terms of an insurance policy. *See, e.g., Tex. Farm Bureau Underwriters v. Rasmussen,* 410 S.W.3d 335, 340 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) ("The Texas Supreme Court has long held, however, that the 'doctrine of estoppel cannot be used to create insurance coverage when none exists by the terms of the policy.'"); *Broussard v. Tex. Farm Bureau Underwriters,* No. 14-14-00395-CV, 2014 Tex. App. LEXIS 14046, at *5 (Tex. App.—Houston [14th Dist.] June 4, 2014, no pet.) (same); *Rice v. Metro. Life Ins. Co.,* 324 S.W.3d 660, 668 (Tex. App.—Fort Worth 2010, no pet.) (same).

. . . seeks to recover the RCV benefits under the policy as its measure of damages."). There likewise is no dispute that under the express terms of the Coverage Documents, RCV provides pure reimbursement coverage for out-of-pocket expenses that a member has paid to complete repairs to or replacement of damaged property.[4] And, there is no dispute that the College has not alleged or adduced any jurisdictional evidence that it has repaired or replaced *any* of the allegedly damaged property in this case – because it did not do so.

That is why the College asserts waiver and unconscionability in an attempt to avoid the express coverage terms, and relies upon those equitable "defenses" in an attempt to obligate the Fund to pay RCV benefits that do not exist in the Coverage Documents: that is, RCV benefits for allegedly damaged property that the College has never repaired nor replaced. *Fitzhugh 25 Partners, L.P. v. KILN Syndicate KLN 501,* 261 S.W.3d 861, 863-64 (Tex. App.—Dallas 2008, pet. denied) (the amount a member pays out of pocket to repair damaged property is "an additional loss for which [the member] purchased additional coverage"; "To allow an insured to recover replacement costs *in the*

---

[4]  CR 69.

9

*absence of actual replacement* would permit the insured to recover for *a loss he has not suffered.*") (emphasis added); *Green Acres Baptist Church, Inc. v. Bhd. Mut. Ins. Co.*, No. 6:23-CV-566-JDK, 2025 U.S. Dist. LEXIS 126690, at \*2, 21-22 (E.D. Tex. July 3, 2025) (repair estimates for unrepaired damage is no evidence of RCV).

Equitable defenses are not "available" to the College for that purpose under well-established Texas law and therefore do not implicate Section 271.155 in any way – even if Section 271.155 were incorrectly construed as an immunity waiver, which it is not. *See Craddock,* 109 S.W.2d at 166; *McGuire,* 744 S.W.2d at 602–03; *Ulico Cas. Co.*, 262 S.W.3d at 780; *Lin*, 304 S.W.3d at 836.

## D. THE COLLEGE DOES NOT DISPUTE THAT ITS FRAUD AND BAD FAITH ALLEGATIONS ARE ASSERTED OFFENSIVELY.

The Fund also appealed the denial of its plea to the jurisdiction based upon its immunity from the fraud and bad faith theories the College asserted in the Original Petition. As the Fund's Brief demonstrates, the Act expressly does not waive immunity for claims based upon a negligent or intentional tort, and the College's fraud and bad faith theories have not merely been asserted defensively as a matter of law. *See* Fund's Brief at p. 48-53.

10

The College did not respond to the Fund's discussion of its immunity from fraud and bad faith theories beyond stating that the College has "never pled as a separate claim or sought relief for fraud." *See* Response at p. 20. But, as discussed earlier, the labels that the College assigns to its causes of action do not control the determination whether the Fund's immunity has been waived. *Dyer*, 358 S.W.3d at 704; *see also Geer*, 2020 Tex. App. LEXIS 5663, at *8-10; *Self*, 2021 Tex. App. LEXIS 66, at *5.[5] The substance of the College's underlying factual allegations determines whether the Fund's immunity has been waived, and it has not been with respect to fraud and bad faith allegations.

Accordingly, for the reasons stated in the Fund's Brief, which the College has not disputed, the Fund remains immune from any claims for relief that attribute and seek to recover from the Fund for any alleged tortious conduct.[6]

---

[5] By failing to brief the issues relating to its fraud and bad faith theories, the College has abandoned those issues on appeal. *See Methodist Hosp. v. Addison*, 574 S.W.3d 490, 509 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("[A] party abandon[s] an argument on appeal if the party fails to re-urge on appeal an argument that the party raised in the court below.").

[6] The principles discussed *supra* in Section II.C apply equally to the College's intentional tort allegations, because alleged "misrepresentations about insurance coverage cannot . . . expand coverage provided in an insurance policy." *Lin*, 304 S.W.3d at 836.

11

E.   THE COLLEGE ADDUCED NO JURISDICTIONAL EVIDENCE OF A <u>VIABLE</u> WAIVER OR UNCONSCIONABILITY THEORY.

1.   <u>The College Misstates the Standard of Review Applicable to the Fund's Jurisdictional Challenge</u>.

The College asserts that its pleading *allegations* alone determine whether the Fund's immunity has been waived. College Brief, at 6, 15. But the College's position is based upon a false premise: the incorrect contention that the Fund "did not raise an evidentiary challenge to the existence of jurisdictional facts . . . but instead challenge[s] the face of the College's Petition." *Id.* at 16-17. That is incorrect and the College's Response acknowledges that it is incorrect. *See* Response at p. 43 ("The sole factual challenge raised by TASB in its Partial Plea to the Jurisdiction pertained to TASB's governmental immunity and the College's alleged lack of facts on 'claims for relief based on the equitable doctrine of unconscionability.'").

The College takes exception to the Fund's quotation of a portion of paragraph 18 of the Jurisdictional Plea in fn. 51 of the Fund's Brief (the quote contained an ellipsis expressly reflecting that a portion of the entire original sentence had been omitted), and colorfully accuses the Fund of "cunningly" trying to "trick this Court" into considering an evidentiary

12

challenge to waiver that it had not raised below. *See* Response at 42-43. The problem with that argument is that the Fund *did* expressly challenge the College's waiver theory in the trial court.

After stating that the Fund had contested the College's jurisdictional allegations, the remainder of Paragraph 18 of the Jurisdictional Plea stated:

> *Where, as is true here, "the plaintiffs' factual allegations are challenged with supporting evidence* necessary to consideration of the plea to the jurisdiction, to avoid dismissal plaintiffs must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." . . . . *the Court lacks subject matter jurisdiction over . . . the College claims discussed in the next subsection.*[7] (emphasis added).

The "College claims discussed in the next subsection" of the Jurisdictional Plea addressed both waiver and unconscionability,[8] which relied upon the same vague factual allegations in the College's Original Petition.[9]

Accordingly, the Fund has not raised a jurisdictional challenge or offered jurisdictional evidence "for the first time on appeal," as was the

---

[7] CR37.

[8] CR40-41.

[9] CR9,

case in *Cameron Cnty. Reg'l Mobility Auth. v. Garza*, No. 13-18-00544-CV, 2019 Tex. App. LEXIS 8968, at *7 (Tex. App.—Corpus Christi–Edinburg Oct. 10, 2019, no pet.) ("CCRMA's plea to the jurisdiction exclusively challenged whether the Garzas pleaded facts affirmatively demonstrating the trial court's subject-matter jurisdiction. The plea was not supported by evidence.").

2.  <u>The College Adduced No Jurisdictional Evidence to Support its Waiver or Unconscionability Theories.</u>

The College did not adduce any evidence creating a genuine fact issue on its waiver and unconscionability theories, including any evidence to rebut:

- The enforceable "no waiver" provision in the underlying contract, which the Fund offered as part of its Jurisdictional Plea and permits waiver of a contract right or obligation "only when expressly waived in writing by the waiving party," and forecloses any implied waiver based upon mere "act or omission."[10] *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 481 (Tex. 2017) ("[A]s a general proposition, nonwaiver provisions are binding and enforceable.");

- The absence of any "shocking" circumstances surrounding the negotiation of the underlying contract between the Fund and the 1,000+ government entities who collectively created the Fund. *LeBlanc v. Lange*, 365 S.W.3d 70, 88 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("[T]he circumstances surrounding the negotiations must be shocking" to warrant a

---

[10] CR 60.

finding of procedural unconscionability); and

- The absence of any contract terms that are "so one-sided that it is unconscionable under the circumstances existing when the parties made the contract." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 757 (Tex. 2001).

Accordingly, even if the College were permitted to assert equitable waiver and unconscionability theories against the Fund to create new RCV coverage, which it cannot do, the College did not satisfy its evidentiary burden to create a genuine fact issue about whether it has *viable* equitable theories that could effect any such waiver of the Fund's immunity. *Matzen*, 659 S.W.3d at 389; *Miranda*, 133 S.W.3d at 227.

## III.
## PRAYER

The Fund respectfully requests that this Court reverse the trial court's partial denial of the Jurisdictional Plea, and grant the Fund such other and further relief, whether legal or equitable, to which it may show itself to be justly and equitably entitled.

15

Respectfully submitted,


By: /s/ Jack W. Higdon
Jack W. Higdon
jack.higdon@blankrome.com
State Bar No. 24007360
Barry Abrams
barry.abrams@blankrome.com
State Bar No. 00822700
Joshua A. Huber
josh.huber@blankrome.com
State Bar No. 24065457
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002-2727
(713) 228-6601
(713) 228-6605 (Fax)

ATTORNEYS FOR APPELLANT, TEXAS
ASSOCIATION OF SCHOOL BOARDS
RISK MANAGEMENT FUND

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4(i)(3), I certify that this reply brief complies with the type-volume restrictions of TEX. R. APP. P. 9.4(e), (i)(2)(C). Exclusive of the portions exempted by Rule 9.4(i)(1), this reply brief contains 3,154 words. I further certify that based on a word count run in Microsoft Word, the aggregate of all briefs filed by Appellant does not exceed 27,000 words and is 11,877 words (excluding items exempted under TEX. R. APP. P. 9.4(i)(1)).


/s/ Jack W. Higdon
Jack W. Higdon

16

## CERTIFICATE OF SERVICE

I certify pursuant to TEX. R. APP. P. 9.5(b)(1) that a true and correct copy of the foregoing and/or attached instrument was electronically served on counsel for all parties on October 20, 2025, through the Fifteenth District Court of Appeals' electronic filing manager, as indicated below:

**Via Electronic Service**:
Preston J. Dugas III
pdugas@dcclawfirm.com
Vincent P. Circelli
vcircelli@dcclawfirm.com
Andrew D. Spadoni
aspadoni@dcclawfirm.com
Sarah Arroyo
sarroyo@dcclawfirm.com
DUGAS & CIRCELLI, PLLC
4800 Bryant Irvin Ct.,
Fort Worth, Texas 76107

*Jack W. Higdon*
Jack W. Higdon

17

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Penny Johnson on behalf of Jack Higdon
Bar No. 24007360
pljohnson@blankrome.com
Envelope ID: 107025820
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Reply Brief of Appellant Texas Association of School Boards Risk Management Fund
Status as of 10/20/2025 9:20 AM CST

Associated Case Party: Texas Association of School Boards Risk Management Fund

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Barry Abrams | | barry.abrams@blankrome.com | 10/20/2025 9:17:39 AM | SENT |
| Jack Higdon | | jack.higdon@blankrome.com | 10/20/2025 9:17:39 AM | SENT |
| Joshua Huber | | josh.huber@blankrome.com | 10/20/2025 9:17:39 AM | SENT |
| Penny Johnson | | penny.johnson@blankrome.com | 10/20/2025 9:17:39 AM | SENT |
| Liniuse Umunna | | Liniuse.Umunna@blankrome.com | 10/20/2025 9:17:39 AM | SENT |
| Noorhan Chahal | | noorhan.chahal@blankrome.com | 10/20/2025 9:17:39 AM | SENT |
| Clarissa Rodriguez | | cmrodriguez@rampagelaw.com | 10/20/2025 9:17:39 AM | SENT |
| Yvette Manzano | | yvette.manzano@blankrome.com | 10/20/2025 9:17:39 AM | SENT |
| Christopher W.Caudill | | Christopher.Caudill@BlankRome.com | 10/20/2025 9:17:39 AM | SENT |
| Gregory J.Moore | | Greg.Moore@BlankRome.com | 10/20/2025 9:17:39 AM | SENT |

Associated Case Party: Southwest Texas Junior College

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Amy Easley | | aeasley@dcclawfirm.com | 10/20/2025 9:17:39 AM | SENT |
| Preston J.Dugas III | | pdugas@dcclawfirm.com | 10/20/2025 9:17:39 AM | SENT |
| Vincent P. Circelli | | vcircelli@dcclawfirm.com | 10/20/2025 9:17:39 AM | SENT |
| Andrew D. Spadoni | | aspadoni@dcclawfirm.com | 10/20/2025 9:17:39 AM | SENT |
| Sarah Arroyo | | sarroyo@dcclawfirm.com | 10/20/2025 9:17:39 AM | SENT |